Meyer, J.
(dissenting in part). While I concur in the conclusions that a single abusive ethnic remark if sufficiently humiliating can constitute discrimination in “conditions * * * of employment” within the meaning of section *80 296 (subd 1, par [a]) of the Executive Law, and that the record supports the finding that this was such a case, I would not sustain so much of the commissioner’s order as required a written apology or as directed the payment of back pay for a period of more than two years.
As to the written apology, in my view the First Amendment protects both the right to speak and the right to remain silent. Just as the First Amendment permits recovery of money damages for libelous speech, it permits the State to protect an employee against the offensive and humiliating speech of his employer. It may not, however, require the employer to apologize any more than it could require that school children recite the pledge of allegiance (Board of Educ. v Barnette, 319 US 624; Ann., 85 ALR3d 402), unless it can be shown that such an enforcement device is essential to the constitutionally permissible purpose of the law. No such showing has been made here.
As to the direction for back pay, I would hold that it constitutes an abuse of discretion insofar as it requires payment during a period when complainant had other employment. Though her employment with petitioner was for weekends only there is no basis for concluding that she would have continued weekend work after she obtained employment during regular workweek hours, and the fact that she has three children suggests the contrary. Moreover, the suggestion in the division’s brief that she could not obtain other weekend employment as a waitress because the altercation with the president of the Imperial Diner was “a topic of public notoriety” is based on speculation. Complainant admitted that she had publicized the incident herself, and testified only that one restaurant to which she applied appeared to know of the incident and that she assumed that other local restaurants knew about it as well.
The matter should be remanded for the making of an order within the evidence and within the division’s authority.
Chief Judge Cooke and Judges Gabrielli and Fuchsberg concur with Judge Wachtler; Judge Meyer dissents *81 in part and votes to reverse and remit in a separate opinion in which Judges Jasen and Jones concur.
Order reversed, with costs, petition dismissed and cross motion for enforcement granted.